UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PAUL JOSEPH SCHMURA,

    Petitioner,

v.

UNITED STATES BUREAU
OF PRISONS,

    Respondent.

Civ. No. 16-8686 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner Paul Joseph Schmura ("Petitioner") is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a response to the Petition and Petitioner filed a reply. (ECF Nos. 6 & 7). Additionally, Petitioner filed a motion for judgment on the pleadings. (ECF No. 9). Because it appears from a review of the submissions and the record that Petitioner does not have jurisdiction under 28 U.S.C. § 2241 to assert his claims, the petition will be dismissed.

## II. BACKGROUND

On June 11, 2013, Petitioner was sentenced in the United States District Court for the Eastern District of North Carolina to a term of 121 months with a supervised release term of life for receipt of child pornography, in violation of 18 U.S.C. § 2252(A)(2). Based on his offense, the Federal Bureau of Prisons ("BOP") assigned Petitioner a sex offender public safety factor ("PSF"), resulting in his custody classification as a "low security" inmate. This classification renders Petitioner ineligible for placement at a minimum-security prison camp.

Petitioner argues in his habeas petition that the BOP violated his due process rights by arbitrarily and capriciously denying him a waiver of his sex offender PSF and for not granting him a hearing on his waiver request. (ECF No. 1 at pp. 6-7). Petitioner also alleges that the BOP violated his equal protection rights by refusing to waive his sex offender PSF because other inmates with a history of violence and disciplinary infractions have had their PSFs waived. (*See id.* at p. 7). Petitioner requests that this Court cancel his sex offender PSF, or in the alternative, require the BOP to conduct an evidentiary hearing regarding the waiver of his PSF. (*See id.* at p. 8).

### III. DISCUSSION

A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, *Muhammad v. Close*, 540 U.S. 749 (2004) and *Edwards v. Balisok*, 520 U.S. 641 (1997). Habeas corpus is also an appropriate mechanism for a federal prisoner to challenge the execution of his sentence. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation, bond, or parole, habeas is the appropriate form of action. *See, e.g., Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

2

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Recently, the Third Circuit revisited this issue in *Cardona v. Bledsoe*, 681 F.3d 533 (3d Cir. 2012). In that case, the Court of Appeals reiterated that in order to invoke § 2241 jurisdiction, a petitioner must challenge the execution of his sentence. *See Cardona*, 681 F.3d at 535 (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)). While admitting that the "precise meaning of 'execution of sentence' is hazy," the Third Circuit specified that: "In order to challenge the execution of his sentence under § 2241, Cardona would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." *Id.* at 537 (quoting *Woodall*, 432 F.3d at 242) (footnote omitted). Because Cardona's petition did "not concern how BOP is 'carrying out' or 'putting into effect' his sentence, as directed in his sentencing judgment," he did not challenge the execution of his sentence, and therefore, there was no § 2241 jurisdiction. *Id.* at 537.

Here, Petitioner's challenge regarding his custody classification or PSF does not affect the fact or the length of his incarceration. Additionally, Petitioner's claim does not concern or challenge how the BOP is carrying out the mandates of his sentencing judgment. Rather, Petitioner seeks a waiver of his custody classification so that he may be transferred to a minimum-security prison camp. Accordingly, habeas relief is unavailable to Petitioner. *See Hribick v. Warden Fort Dix FCI*, 695 F. App'x 25, 25-26 (3d Cir. 2017) (affirming district court's dismissal of the habeas petition because the petitioner's challenge to his PSF and inability to transfer to a prison camp setting "is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment."); *Briley v. Attorney General United States*, 632 F. App'x 84, 84 (3d Cir. 2016) (affirming district court's dismissal because petitioner's challenge to his custody classification was not cognizable in federal habeas review); *Cohen v. Lappin*, 402 F. App'x 674,

676 (3d Cir. 2010) (finding that the petitioner's "challenge to his security designation and custody classification [do not challenge the basic fact or duration of his imprisonment] ... In the absence of the type of change in custody level at issue in *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005), such an objection is simply not a proper challenge to the 'execution' of a sentence cognizable in a § 2241 proceeding."); *Levi v. Ebbert*, 353 F. App'x 681, 682 (3d Cir. 2009) ("We agree with the District Court that Levi's claims concerning the determination of his custody level do not lie at the 'core of habeas' and, therefore, are not cognizable in a § 2241 petition. None of his claims challenge the fact or length of his sentence or confinement." (internal citations omitted)). Thus, denial of the habeas petition is appropriate at this time. In light of the Court's denial of the habeas petition, Petitioner's motion for judgment on the pleadings (ECF No. 9) is also denied.

## V. CONCLUSION

For the foregoing reasons, Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2241 will be denied for lack of subject matter jurisdiction. Petitioner's motion for judgement on the pleadings is also denied. An accompanying order will be entered.


DATED: August 8, 2018
                                                          s/Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge